**KROVATIN KLINGEMAN LLC**
Gerald Krovatin, Esq. (Attorney No. 024351977)
Helen A. Nau, Esq. (Attorney No. 030181993)
60 Park Place, Suite 1100
Newark, New Jersey 07102
(973) 424-9777
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA A. GRATTAN,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID A. HANDLER;<br>and DAVID A. HANDLER, P.C.,<br><br>Defendants. | Civil Action No.:<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

LISA A. GRATTAN, residing in the City of Summit, County of Union, State of New Jersey by way of her Complaint against the Defendants, alleges and says:

### NATURE OF ACTION

1. This is an action for damages and declaratory and injunctive relief against Defendants David A. Handler, individually, and David A. Handler P.C. ("Defendants") for legal malpractice and breach of fiduciary duties.

### PARTIES

2. Plaintiff is a citizen of the State of New Jersey.

3. Upon information and belief, David A. Handler is a citizen of the State of Illinois.

4. Upon information and belief, Defendant David A. Handler, P.C., is a

Professional Corporation incorporated in the State of Illinois with its principal place of business in that State.

5. Robert F. Moriarty ("Bob Moriarty"), non-party, is the estranged husband of Plaintiff.

6. Mary Eileen Moriarty ("Eileen Moriarty"), non-party, is the mother of Bob and Tim Moriarty.

7. Timothy Moriarty ("Tim Moriarty"), non-party, is the brother of Bob Moriarty and a son of Eileen Moriarty.

## JURISDICTION AND VENUE

8. By reason of the foregoing, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) (1).

9. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. Venue is proper in this District under 28 U.S.C. § 1391(a), because the services provided by Defendants were performed by the parties in part within this District and the matter in controversy primarily occurred in this District.

## GENERAL ALLEGATIONS

11. In or about January 6, 2011, Plaintiff engaged Defendants to provide legal services to her jointly with her now estranged husband, Bob Moriarty.

12. In connection with their joint representation, Defendants' duty of loyalty to Plaintiff and Bob Moriarty was to be undivided and equal.

13. During the relevant time frame, Defendants also provided legal services to Eileen Moriarty, including estate planning services.

14. Eileen Moriarty is 88 years old and is the surviving spouse and an heir of the estate of her late husband, Don Moriarty.

15. Bob and Tim Moriarty are the principal owners of Twin Oaks, L.P., which manages two investment funds, Oaktop Capital Management I, L.P. and Oaktop Capital Management II, L.P., and which manages and invests their mother's assets and non-family member assets.

16. Bob and Tim Moriarty are co-trustees of the Mary Eileen Moriarty Revocable Trust.

17. Over time, Eileen Moriarty's physical and mental health has declined to the point that she presently is, and has been for some time, physically and mentally incompetent. She requires 24-hour care, and lacks the mental capacity to make basic decisions about her life, including decisions about her financial affairs.

18. Over time, Bob and Tim Moriarty have exercised increasingly greater control over their mother's financial affairs to the point that they now exercise complete control over her affairs, and have made significant financial decisions and commitments on her behalf.

19. During the relevant time frame, Defendants provided legal advice and services, including estate planning services, to Eileen Moriarty, and to Plaintiff and Bob Moriarty, that favored Bob Moriarty, and were detrimental to Plaintiff's interests.

20. During the course of their concurrent representation of Plaintiff and Bob Moriarty, Defendants communicated with Bob Moriarty without communicating the same information to Plaintiff, did not disclose material information to Plaintiff, which impacted Plaintiff, and engaged in unauthorized communications with a third-party.

21. In or about January 2011, Bob Moriarty, with Defendants' assistance,

created a $3 million line of credit with his mother, Eileen Moriarty, pursuant to which he and Plaintiff borrowed money from his mother at a favorable interest rate for the purpose of purchasing a lot and building a summer home in Cutchogue, Long Island. Bob assured Plaintiff that the $3 million debt would be paid off in quarterly payments of at least $250,000.00.

22. On or about October 28, 2011, the line of credit was increased by $4.5 million with Defendants' assistance and without Plaintiff's knowledge or consent, and Plaintiff's signature on the increased line of credit instrument was forged.

23. The increased line of credit agreement contains a document identifier indicating that it was prepared by, or at least electronically stored by Defendants' law firm, yet a copy of the document was not sent to Plaintiff by Defendants in or about October 2011.

24. Defendants knew or should have known that Plaintiff's signature on the increased line of credit agreement was forged.

25. Similarly, in 2012, Plaintiff and Bob Moriarty borrowed approximately $915,000 in the form of a three year mortgage with his mother Eileen, at a favorable interest rate, secured by their marital home in Summit with Bob's assurance that they would make regular payments on the loan and pay it off in three years.

26. However, at the end of the three year term, on or about February 26, 2015, Bob Moriarty, with Defendants' assistance, arranged to pay off the balance of the mortgage loan and take a new loan, without Plaintiff's knowledge and consent, for the same amount from his mother secured by a mortgage on Plaintiff's marital residence.

27. Defendants did not communicate with Plaintiff about the 2015 mortgage or send her any of the 2015 mortgage documents despite their involvement with the transaction.

28. Instead, Plaintiff's signature on the 2015 note and mortgage was forged and Defendants knew or should have known that Plaintiff's signature was a forgery.

29. Unbeknownst to Plaintiff, the two forged debt instruments caused her to incur millions of dollars of additional debt.

30. Defendants failed to communicate with Plaintiff in connection with both forged debt instruments and communicated only with Bob Moriarty and Tim Moriarty, excluding Plaintiff from the communications. Thus, Plaintiff was unaware of the debt incurred.

31. By email dated April 8, 2016, Defendants advised Plaintiff that it no longer made sense to represent Plaintiff and Bob Moriarty jointly, and Defendants sought Plaintiff's confirmation that she did not object to Defendants continuing to represent and to provide legal services to Bob Moriarty only.

32. By email dated April 8, 2016, Plaintiff refused to consent to Defendants' continued representation of Bob Moriarty separately and reminded Defendants of their continuing fiduciary duty to her.

33. By letter dated May 18, 2016, Defendants advised Plaintiff and Bob Moriarty that they were withdrawing from their representation of Plaintiff and Bob Moriarty in connection with their personal estate planning matters, and indicated that one or both of them could re-hire them if the other consented.

34. Plaintiff refused to consent to Defendants continuing to represent Bob Moriarty solely.

35. Notwithstanding the emails and the letter, Defendants continued to provide legal advice and counseling to Bob Moriarty separately after the termination of their joint representation and after he was estranged from Plaintiff.

36. After the termination of Defendants' joint representation of Plaintiff and Bob Moriarty in 2016, Plaintiff made repeated requests to Defendants and their law firm for her complete file.

37. To date, Defendants have not produced a copy of her complete file to Plaintiff.

38. The forged loan documents were not among the documents originally produced by Defendants and their law firm pursuant to Plaintiff's repeated requests.

39. Only when Plaintiff requested those specific documents (which she only learned of through Defendants' emails that referred to them), did Defendants then produce copies of them to Plaintiff.

40. Bob Moriarty, with Defendants' expert advice and assistance in his pending divorce action with Plaintiff, seeks to categorize certain assets and income generated by his business during the marriage as exempt assets, in order to remove assets and income from the marital estate, to Plaintiff's detriment.

41. With Defendants' expert advice and assistance, Bob Moriarty is taking the position that the vast majority of marital assets and income are exempt from equitable distribution, and taking other positions directly adverse to Plaintiff's interests.

42. As a result of Defendants' support and coaching of Bob's divorce position, Plaintiff has incurred millions of dollars in legal fees in Union County's oldest divorce action, as well as other personal damages.

43. Defendants had a duty to disclose to Plaintiff that their concurrent representation of Eileen Moriarty, Bob Moriarty and the Twin Oaks business, as well as Plaintiff, created foreseeable risks to Plaintiff in the event of divorce, and Defendants should have advised

Plaintiff to retain independent counsel to represent her interests.

44. Defendants did not disclose to Plaintiff the fact that their advice and counsel to Eileen, Bob and Tim Moriarty benefitted them at Plaintiff's expense and thereby deprived Plaintiff of her right and opportunity to retain independent counsel to protect her then current and future interest in marital assets and income.

45. Among other things, in answers to interrogatories in the pending divorce action, Bob Moriarty has named Defendants as his expert witness on matters pertaining to the characterization of marital assets, income, and trust and estate issues, and, with Defendants' expert advice and assistance, is taking the position that the vast majority of marital assets and income are exempt from equitable distribution, directly contrary and adverse to Plaintiff's interests.

46. During the pendency of Plaintiff's divorce action, Defendants have communicated with Bob Moriarty's divorce counsel and with Bob Moriarty regarding the divorce and Plaintiff's discovery demands in the divorce action, to Plaintiff's detriment.

## Count One

### (Professional Negligence and Breach of Fiduciary Duties – Attorney Malpractice)

47. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48. At all relevant times, upon information and belief, the Defendant David Handler was an attorney duly licensed to practice law in the State of Illinois, but was not duly licensed, or otherwise authorized to practice law in the State of New Jersey.

49. From on or about January 6, 2011, Defendants provided legal services, advice and representation to Plaintiff in New Jersey.

50. Defendants deviated from the standard of care practiced by attorneys in their

7

field of practice and breached their fiduciary duty of care and their duty of loyalty to Plaintiff by, among other things:

(a) representing Plaintiff as well as Bob Moriarty knowing that Defendants had a concurrent conflict of interest, as defined in the New Jersey Rules of Professional Conduct ("RPC") 1.7;

(b) continuing to represent Bob Moriarty in the same or substantially related matter in which they represented Plaintiff knowing that Bob Moriarty's interests were and are materially adverse to Plaintiff's interests, as defined in RPC 1.9;

(c) providing legal advice and services in connection with the estate planning for Eileen Moriarty, Bob Moriarty and Plaintiff that favored Bob Moriarty, at the expense and contrary to the best interests of Plaintiff;

(d) communicating with Bob Moriarty confidentially, and not disclosing material information to Plaintiff, including not disclosing to her the increased liability on the line of credit and the 2015 mortgage on the marital home, including the fact that Plaintiff's signature was forged on both debt instruments;

(e) continuing to represent Bob Moriarty and to provide legal advice and counsel to him after he was estranged from Plaintiff, and after Plaintiff did not consent to Defendants continued representation of him;

(f) serving as Bob Moriarty's expert witness in his divorce action with Plaintiff on the issue of what constitutes exempt assets and income from the marital estate, to the detriment of Plaintiff's interest in equitable distribution;

(g) failing to provide timely and complete responses to Plaintiff's demands for release of her complete file; and

(h) all of the other acts, omissions, and conduct set forth herein.

51. Defendants' breaches of their duty to Plaintiff were substantial factors in causing injury to Plaintiff.

52. As a result of Defendants' conduct, Plaintiff has been damaged.

**WHEREFORE** Plaintiff demands judgment against the Defendants jointly and severally:

(a) For compensatory, consequential and punitive damages;

(b) Declaring that Defendants have breached their fiduciary duties, including their duty of loyalty, to Plaintiff;

(c) Enjoining Defendants from continuing to provide legal services, advice and counsel to Bob Moriarty in the same or substantially similar matters in which Defendants represented Plaintiff;

(d) Enjoining Defendants from serving as an expert witness for Bob Moriarty in his pending divorce action with Plaintiff;

(e) For legal fees and costs in this action; and

(f) For such other and further relief as the Court may deem just.

> **KROVATIN KLINGEMAN LLC**
> 60 Park Place, Suite 1100
> Newark, New Jersey 07102
> (973) 424-9777
> *Attorneys for Plaintiff*
>
>    s/ Gerald Krovatin
> gkrovatin@krovatin.com

Dated: June 27, 2019

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

**KROVATIN KLINGEMAN LLC**
60 Park Place, Suite 1100
Newark, New Jersey 07102
(973) 424-9777
*Attorneys for Plaintiff*

s/ Gerald Krovatin
gkrovatin@krovatin.com

Dated:   June 27, 2019


## L.Civ.R.11.2 CERTIFICATION

I hereby certify that the matter involved here, as far as I know, is not the subject of any other action pending in any court, nor is it the subject of a pending arbitration or administrative proceeding, except that Plaintiff is a party in a pending action in the Superior Court of New Jersey, Chancery Division–Family Part, entitled *Grattan v. Moriarty*, Docket No.: FM-20-1971-16.

**KROVATIN KLINGEMAN LLC**
60 Park Place, Suite 1100
Newark, New Jersey 07102
(973) 424-9777
*Attorneys for Plaintiff*

s/ Gerald Krovatin
gkrovatin@krovatin.com

Dated:   June 27 , 2019