Not for Publication

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LISA A. GRATTAN,<br><br>*Plaintiff*,<br><br>v.<br><br>DAVID A. HANDLER P.C. and DAVID A. HANDLER,<br><br>*Defendants*. | Civil Action No. 19-14373<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is the motion to dismiss filed by Defendants David A. Handler P.C. and David A. Handler. Defendants seek to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 9. Plaintiff Lisa A. Grattan filed a brief in opposition, D.E. 12, to which Defendants replied, D.E. 13.[1] The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion to dismiss is **DENIED**.

**I.    FACTUAL[2] AND PROCEDURAL BACKGROUND**

In 2011, Plaintiff and her now estranged husband, Bob Moriarty, engaged Defendants to provide legal services for among other things, estate planning services. Compl. ¶¶ 11, 19, D.E. 1.

---

[1] Defendants' brief in support of their motion (D.E. 9-1) will be referred to as "Defs. Br."; Plaintiff's opposition brief (D.E. 12) will be referred to as "Plf. Opp."; and Defendants' reply brief (D.E. 13) will be referred to as "Defs. Reply."

[2] The factual background is taken from Plaintiff's Complaint. D.E. 1. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

During the relevant time frame, Defendants also provided legal services to non-party Eileen Moriarty, Bob Moriarty's mother. *Id.* ¶ 13. Plaintiff alleges that during the course of Defendants' joint legal representation of her and Bob Moriarty, Defendants' favored Bob Moriarty in a manner that was detrimental to her interests. *Id.* ¶ 19. Among other things, Plaintiff alleges that Defendants knew or should have know that her signature was forged on two different documents, and that Defendants excluded Plaintiff from certain conversations. *Id.* ¶¶ 20-30. Plaintiff alleges that she incurred damages as a result of Defendants' wrongful conduct. *See id.* ¶ 29.

On May 18, 2016, Defendants advised Plaintiff and Bob Moriarty that they were withdrawing from their joint representation with respect to Plaintiff and Bob Moriarty's personal estate planning matters. *Id.* ¶ 33. Defendants, however, continue to provide legal advice to Bob Moriarty, despite the fact that Plaintiff refused to consent to Defendants' continued representation of Bob Moriarty individually. *Id.* ¶¶ 34-35. In addition, Plaintiff alleges that Bob Moriarty named Defendants as an expert witness in the pending divorce action between Plaintiff and Bob Moriarty. *Id.* ¶ 45.

Plaintiff filed the instant complaint on June 27, 2019, asserting a claim for attorney malpractice and breach of fiduciary duties against Defendants. D.E. 1. Defendants seek to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6). D.E. 9.

**II.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

**III. ANALYSIS**

Defendants argue that the Complaint should be dismissed because Plaintiff fails to plead conduct that proximately caused her damages or that she actually incurred any cognizable damages. Legal malpractice is negligence relating to an attorney's representation of a client. *McGrogan v. Till*, 167 N.J. 414, 425 (2001).[3] To state a claim for attorney malpractice, a plaintiff must plead facts demonstrating "(1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff." *Id.* To properly plead proximate cause, "a plaintiff must allege that the negligent conduct by an attorney was a substantial factor in

---

[3] The parties have not provided any choice of law analysis and appear to presume that New Jersey substantive law applies to Plaintiff's claim. Accordingly, the Court also applies New Jersey substantive law.

3

contributing to his harm." *CCC Atl., LLC v. Silverang*, No. 18-17433, 2019 WL 3334797, at *4 (D.N.J. July 25, 2019).

Turning first to Defendants' proximate causation argument, Plaintiff alleges that "Defendants communicated with Bob Moriarty without communicating the same information to Plaintiff, did not disclose material information to Plaintiff . . . and engaged in unauthorized communications with a third-party."[4] Compl. ¶ 20. For example, in January 2011, Defendants helped Bob Moriarty and Plaintiff create a $3 million line of credit from money borrowed from Eileen Moriarty. Plaintiff was aware of this transaction. *Id.* ¶ 21. On October 28, 2011, however, Bob Moriarty, "with Defendants' assistance and without Plaintiff's knowledge or consent" increased the line of credit. *Id.* ¶ 22. The agreement for this transaction "contains a document identifier indicating that it was prepared by, or at least electronically stored by Defendants' law firm." *Id.* ¶ 23. Plaintiff was not provided with a copy of the credit agreement for this transaction. *Id.* Plaintiff pleads similar facts with respect to a second debt instrument in 2015. *Id.* ¶¶ 25-28. Finally, Plaintiff alleges that as a result of these two debt instruments, she incurred millions of dollars of additional debt. *Id.* ¶ 29. These allegations are sufficient to establish proximate cause at the motion to dismiss stage.

---

[4] The parties do not explicitly address whether Defendants owed Plaintiff a duty or whether a duty was breached. There appears to be no dispute that an attorney client relationship existed between Plaintiff and Defendants. "[A] lawyer has a fundamental duty of loyalty to his or her client." *Estate of Spencer v. Gavin*, 400 N.J. Super. 220, 241-42 (App. Div. 2008). This requires, among other things, an attorney to act with "reasonable diligence and promptness" and "communicate to the client information that the client needs to know." *Id.* at 242 (internal citations omitted). Accordingly, Defendants' failure to communicate with Plaintiff about the debt instruments sufficiently alleges that a breach occurred here. Moreover, Plaintiff alleges that Defendants violated multiple New Jersey Rules of Professional Conduct ("RPCs"). Compl. ¶ 50. An attorney's failure to comply with the RPCs "can be considered evidence of malpractice." *Baxt v. Liloia*, 155 N.J. 190, 200 (1998) (quoting *Albright v. Burns*, 206 N.J. Super. 625, 634 (App. Div. 1986)).

Defendants focus on Plaintiff's allegations that the two debt instruments were forged. Defendants argue that Plaintiff pleads no facts demonstrating that Defendants played any role in forging the documents. Defendants continue that Plaintiff, therefore, does not plead a claim for malpractice. Defs. Br. at 9. The Court agrees that Plaintiff fails to sufficiently allege that Defendants knew that Plaintiff's signature was forged on either document. But as explained above, even without cosnidering the forgery allegation, Plaintiff states a malpractice claim based on Defendants' failure to communicate with her as to the creation of the debt instruments.

Defendants also contend that Plaintiff's claim must be dismissed because a document that she signed a year after the allegedly forged debt instrument in 2011 demonstrates that she actually knew about the 2011 credit line increase. Defs. Br. at 11. Defendants rely on a document that was not discussed in the Complaint, asserting that the document is "integral" to Plaintiff's claim. *Id.* at 11 n.7. Ordinarily, when deciding a Rule 12(b)(6) motion to dismiss, a court may only rely on the allegations in the complaint. A court, however, may also rely on "a document *integral to or explicitly relied* upon in the complaint." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (emphasis in original) (citation omitted). A document is integral if a "claim would not exist but-for the existence of the document." *Dix v. Total Petrochemicals USA, Inc.*, No. 10-3196, 2011 WL 2474215, at *1 (D.N.J. June 20, 2011). The subsequent amendment to the line of credit is not discussed in the Complaint, and while it undercuts Plaintiff's allegations, her malpractice claim can certainly exist without referencing the amendment. Accordingly, the document is not integral, and the Court will not consider it at this time.[5]

---

[5] Plaintiff also asks the Court to rely on numerous documents and additional facts that were not pled in the Complaint. *See, e.g.*, Plf. Opp. at 8 (referencing Case Information Statement that Bob Moriarty filed in the divorce action) and 9 (referencing summary of stock transfers). Plaintiff cannot amend her Complaint through a brief. *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in

5

Defendants further argue that Plaintiff does not establish proximate cause because she has not explicitly alleged that she would not have signed the two debt agreements had she been presented with them. Defs. Br. at 12. Although Plaintiff does not explicitly make this accusation, her allegation that she incurred millions of dollars of additional debt because of the two debt instruments, *id.* ¶ 29, is sufficient for the Court to reasonably infer at the motion to dismiss stage that she would not have signed the documents. Plaintiff also alleges that Defendants' failure to discuss the two debt instruments with her before the documents were executed deprived Plaintiff of the opportunity to retain independent legal counsel to protect her interests. *Id.* ¶ 44. Plaintiff, therefore, sufficiently alleges proximate cause.

Finally, Defendants maintain that Plaintiff's claim fails because she does not sufficiently allege damages. While Plaintiff must plead that she incurred damages to state a malpractice claim, Plaintiff need to prove an exact number at this stage. *See RBC Bank (USA) v. Riley, Riper, Hollin & Colagreco*, No. 09-431, 2009 WL 2580354, *10 (D.N.J. Aug. 19, 2009) (stating that at the motion to dismiss stage, "it is sufficient that Plaintiff has put Defendants on notice that their alleged legal malpractice has impaired Plaintiff's position and ability to collect its lien in full"). As discussed, Plaintiff alleges that because of the two debt instruments, she incurred millions of dollars of additional debt. Compl. ¶ 29. Thus, Plaintiff sufficiently pleads that she was damaged at this time. In sum, Plaintiff sufficiently pleads a malpractice claim against Defendants.

---

opposition to a motion to dismiss."). Thus, the Court did not consider Plaintiff's new facts. In addition, because none of the additional documents were integral to or relied upon in the Complaint, the Court also did not consider any documents that Plaintiff referenced in her opposition brief to decide this motion.

Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 30th day of March, 2020

**ORDERED** that Defendants' motion to dismiss (D.E. 9) is **DENIED**.

_____
John Michael Vazquez, U.S.D.J.